## TULLIE WALKER v. THE STATE.

### No. 81.    Decided November 3, 1909.

**1.—Unlawfully Giving Intoxicating Liquor to Minor—Charge of Court—Words and Phrases—Statutes Construed.**

Where, upon trial for unlawfully giving intoxicating liquor to a minor, the evidence was conflicting as to whether the defendant actually gave to the minor any such liquor, it was reversible error to charge the jury, over the objection of the defendant, that if the defendant was instrumental, or in any way concerned, in giving said liquor to said minor, to convict, as the prosecution could only be maintained under article 400, Penal Code, and was not based upon the Act of the Thirtieth Legislature, General Laws 1907, page 216, which makes it penal for any one to be in any way interested in the gift of such liquor to a minor.

**2.—Same—Words and Phrases—Scope of Statute—Legislative Intent.**

Where the Legislature has enacted different and separable offenses, enlarging the scope of an earlier statute by a later one, it cannot be assumed that the additional words in the later statute are meaningless. Nor can it be assumed that a charge of the court, including the terms of both statutes in a prosecution evidently based upon the former statute, is harmless, where said charge was excepted to by the defendant.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of unlawfully and knowingly giving and causing to be given intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

*Lane & Ratliff,* for appellant.—On question of the court's charge: Reed v. State, 29 Texas Crim. App., 449.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information filed in the County Court of Delta County with unlawfully giving intoxicating liquor to a minor, and his punishment assessed at a fine of $25.

The charge is made substantially in this language: ". . . did then and there unlawfully and knowingly give and cause to be given spirituous, vinous and intoxicating liquor to Wm. Gillespie, the said Wm. Gillespie then and there being a person under the age of twenty-one years, without the written consent of the parent or guardian or of someone standing in the place and stead of the parent and guardian of him the said Wm. Gillespie."

The evidence showed, in substance, that Wm. Gillespie was a minor, and at some time in December, 1908, appellant, Gillespie, Emmet Taylor and Roland Walker went to what they called a box supper at Jackson's Chapel in Delta County. That at the time appellant had a bottle of whisky, and that during the journey to their destination

Gillespie took several drinks of this liquor. Gillespie does not make it quite certain in his testimony who it was that gave him the whisky, though he does say that appellant was present at the time when he drank. Testimony was offered by appellant to the effect, in substance, that Gillespie had stated to some of the witnesses that appellant did not give him any whisky. To others he made the statement that someone in the crowd gave it to him, but he did not know who it was.

1. In this condition of the record the court charged the jury, in substance, as follows: "If you believe from the evidence in this case that the defendant, Tullie Walker, in Delta County, Texas, on or about the 19th day of December, 1908, did unlawfully and knowingly give and caused to be given and was instrumental, or in any way concerned in giving whisky to one William Gillespie," etc., they would find him guilty. This charge was excepted to at the time, and the claim is made that the addition of the words "was instrumental or in any way concerned in giving" was a submission of an issue not charged in the complaint and information, and authorized a conviction on a basis and charge not laid in the complaint. There would seem to be at this time two definitions of this offense, or rather two statutes covering the same general subject. Article 400 of our Penal Code is as follows: "Any person who shall knowingly sell, give or cause to be sold or given any spirituous, vinous or intoxicating liquor to any person under the age of twenty-one years without the written consent of the parent or guardian of such minor or someone standing in their place or stead shall be fined not less than twenty-five nor more than one hundred dollars." The Thirtieth Legislature, Laws 1907, Chapter CXVI, p. 216, enacted a statute, in part, to this effect: "That any person who shall knowingly sell or give or deliver or caused to be sold, given or delivered or be in any way interested in the sale, gift or delivery of any spirituous, vinous or intoxicating liquors to any person under the age of twenty-one without the written consent of the parent or guardian of such person who is under the age of twenty-one years or someone standing in their place or stead, shall be guilty of a misdemeanor and shall be fined therefor not less than twenty-five nor more than one hundred dollars." It will thus be noted that this last act goes in its language somewhat beyond the scope of article 400 of the Penal Code above quoted, in the addition of the words "or be in any way interested in the sale, gift or delivery of any spirituous, vinous or intoxicating liquors." It is urged by the State here that the use of the language in the charge "interested or concerned in such sale or gift" does not enlarge the scope of the charge, but it has, in substance, the same meaning as the terms "caused to be sold, given or delivered." We are scarcely prepared to agree to this contention, but must believe that the Legislature had in mind to enlarge the scope of the statute,

otherwise the addition of the words "be in any way instrumental in such gift," etc., would have been both unnecessary and meaningless. Nor can it be said, we think, where the charge was excepted to at the time that this addition incorporated in the court's charge was, under the facts of this case, harmless. It was conceded here that these boys had some whisky. Most of the evidence tended to show that the whisky belonged to appellant. Some of the testimony indicated that if he did not give the whisky to Gillespie, at least it was given in his presence. However, there is testimony in the record that Gillespie did not know who gave him the whisky, and a condition of the facts shown from which the jury might, under a proper charge, have found that whether the whisky belonged to appellant or not, that he was absolutely blameless in the matter of giving the whisky to Gillespie, unless blame might be attached to him in the single and sole fact of his having possession of the whisky under the circumstances here shown. It is barely possible the jury might have believed under the language of the charge "or was in any way instrumental or concerned in the giving" that the mere fact of possession of the whisky, under the circumstances, notwithstanding he neither knew nor consented to the gift to Gillespie, would be sufficient to sustain a verdict. The objection here considered was made at the time, saved by proper exception, and it is undeniable that the language of the court's charge did go beyond the terms of the information and complaint, which seemed to have been founded on article 400 of the Penal Code above quoted. As presented, in view of the evidence, we think we must hold this charge erroneous.

There are a number of other questions raised on the appeal, but they are not likely to arise on another trial, and do not now demand attention.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*